**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

KRISTIN KATHERINE BAISH RICKER,
on behalf of all others similarly situated.

Plaintiff

VS. Case No. 1:25-cv-0692

DEBT RESOLUTION DIRECT LLC
d/b/a Debt Advisors of America

Defendant

---

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

**I. INTRODUCTION .......... 1**

**II. ALLEGATIONS IN COMPLAINT .......... 3**

**III. STANDARD OF REVIEW .......... 4**

**IV. ARGUMENT .......... 4**

**A. Allegations Fail to State a Claim For Violation of TCPA** .......... 4

1. There is No Factual Link between Defendant DAA and the Telephone Calls Alleged .......... 4

2. Violation of 47 USC § 227(c)(5) Does Not Apply to Text Messages .......... 7

3. Plaintiff Consented to the Text Messages .......... 9

4. The Text Messages Were Not Telephone Solicitations .......... 10

**B. Plaintiff Does Not Have Standing to Sue for Injunctive Relief** .......... 12

**V. CONCLUSION .......... 13**

# TABLE OF AUTHORITIES

**Cases**

*Abramson v. AP Gas & Electric (PA), LLC*, 2023 WL 1782728 (W.D. Penn, Feb. 6, 2023).......... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)................. 4, 6

*Campbell–Ewald Co. v. Gomez* , 577 U.S. 153, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016)............. 8

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)........................................................................ 12

*D.G. v. William W. Siegel & Associates*, 791 F.Supp.2d 622 (N.D. Ill. 2011). .............................. 4

*Delaware v. Pennsylvania*, 598 U.S. 115, 143 S. Ct. 696, 215 L.Ed.2d 24 (2023) ...................... 10

*Evers v. CampaignSidekick, LLC*, 2025 WL 2896818 (N.D. Ill. Oct 10, 2025) .......................... 10

*Golan v. Veritas Ent., LLC,* 788 F.3d 814 (8th Cir. 2015).............................................................11

*Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch*., 167 F.3d 1170 (7th Cir.1999) ........................................................................................................................ 4

*Hudson v. Ralph Lauren Corp*., 385 F.Supp.3d 639 (N.D. Ill. 2019) ............................................ 9

*In Stemke v. Marc Jones Construction, LLC*, 2021 WL 4340424 (M.D. Fla. 2021)..................... 6

*Johansen v. Vivant, Inc.,* 2012 WL 6590551 (N.D. Ill., Dec. 18, 2012) ........................................ 6

*Jones v. Blackstone Medical Services, LLC*, 2025 WL 2042764 (July 21, 2025) ...................... 7, 8

*Legg v. PTZ Ins. Agency, Ltd.,* 2018 WL 3869970 (N.D. Ill. Aug. 15, 2018)...............................11

*Loper Bright Enters. v. Raimondo,* 603 U.S. 369 (2024)). .......................................................... 8

*Martin v. Bottom Line Concepts LLC*, 723 F.Supp.3d 270 (S.D.N.Y. 2024) ............................... 12

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,* 145 S. Ct. 2006 (2025) .................... 8

*Palmer v. City of Chicago*, 755 F.2d 560 (7th Cir. 1985). ..................................................... 12, 13

*Sandifer v. U.S. Steel Corp*., 571 U.S. 220, 134 S.Ct. 870, 187 L.Ed.2d 729 (2014).................. 10

*Schaevitz v. Braman Hyundai,* Inc., 437 F.Supp.3d 1237 (S.D. Fla. 2019) ................................. 12

*Sierakowski v. Ryan*, 223 F.3d 440 (7th Cir. 2000) ........ 12

*Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 48 L.Ed.2d 450, 96 S.Ct. 1917 (1976). ........ 2

*Smith v. First Hosp. Labs., Inc.,* 77 F.4th 603 (7th Cir. 2023) ........ 10

*Taha v. Int'l Bhd. of Teamsters, Loc.* 781, 947 F.3d 464 (7th Cir. 2020)........ 5

*Taylor v. Kin Ins*., 2025 WL 1651524 (N.D. Ill. June 10, 2025)........ 12

*Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898 (N.D. Ill. 2012) ........ 9

*Toney v. Quality Res., Inc*., 75 F. Supp. 3d 727 (N.D. Ill. 2014)........ 9

*Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d at 343 (1975). ........ 2

*West v. Hoy*, 126 F.4th 567 (7th Cir. 2025) ........ 7

*Woodard v. Health Insurance Alliance*, 2024 WL 942629 (N.D. Ill March 5, 2024) ........ 6

**<u>Statutes</u>**

47 U.S.C. § 227(b) ........ 5, 8

47 U.S.C. § 227(c)(5)........ passim

**<u>Rules</u>**

Federal Rules of Civil Procedure Rule 8(a)(2). ........ 4

Federal Rules of Civil Procedure Rule 12(b)(6) ........ 1

Federal Rules of Civil Procedure Rule 12(b)(1) ........ 1, 12

**<u>Regulations</u>**

47 C.F. R. § 64.1200........passim

Comes Now, Defendant Debt Resolution Direct LLC d/b/a Debt Advisors of America by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and Rule 12(b)(1) hereby files this Memorandum in Support of its Motion to Dismiss the Class Action Complaint for failure to state a claim and for lack of standing to bring an action for injunctive relief and for good cause states as follows.

## I. INTRODUCTION

Plaintiff Kristin Katherine Baish Ricker ("Plaintiff") filed a Class Action Complaint ("Complaint"), as a representative of a class of individuals whose telephone numbers are on a national Do Not Call Registry, to stop Defendant Debt Resolution Direct LLC d/b/a Debt Advisors of America (hereinafter "DAA") from violating the Telephone Consumer Protection Act ("TCPA") by placing telemarketing calls to consumers without prior express invitation or consent. *Complaint at ¶ 2 (Doc 1).* Plaintiff Ricker claims monetary and injunctive relief for herself and members of the class. *Id.* at p. 11.

Plaintiff alleges she received three telephone calls from a single telephone number with an Illinois area code on May 1, 2025. Plaintiff's allegations are vague and conclusory. The allegations provide no factual circumstances surrounding the calls and do not show a nexus between the caller ID and Defendant DAA. Plaintiff's allegations regarding the telephone calls she received amount to a simple recitation of a violation of the TCPA without factual support.

Plaintiff also alleged that she received two text messages from Defendant DAA, from a California telephone number. The specific language of the text show that the texts are from Defendant DAA. However, Plaintiff is unable to state a claim for relief with regard to the text

messages for several independent reasons: (1) the Complaint itself shows Plaintiff consented to the text messages; (2) text messages are not the basis for a violation of the TCPA at 47 U.S.C. § 227(c)(5) which by its language only regulates "telephone calls;" (3) the text messages were not "telephone solicitations;" and (4) even if the Court considers one of the messages to be a solicitation, there is no violation of the statute which requires more than one "telephone call" in a 12-month period. *See* 47 U.S.C. § 227(c)(5).

Finally, the Court lacks jurisdiction over Plaintiff's claims for injunctive relief because she has not alleged that she is at risk of future injury, having not received a call or text since she was given the Defendant's contact information on May 1, 2025.

Plaintiff has failed to allege facts by which a factfinder could infer that Defendant DAA made or initiated the telephone calls alleged in the Complaint. Plaintiff's own pleadings indicate that she provided consent for the one text message that she received from DAA, for which she thanked the DAA representative. Plaintiff has not shown that she is at risk of further injury. Therefore, the Complaint fails to state a cause of action and it must be dismissed. Since Plaintiff is the only member of the class identified in the Complaint, the Class Action Complaint must be dismissed. *See Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 40 n. 20, 48 L.Ed.2d 450, 96 S.Ct. 1917 (1976). ("[N]amed plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S., at 502, 95 S.Ct., at 2207, 45 L.Ed.2d, at 357.")

## II. ALLEGATIONS IN COMPLAINT

**Plaintiff's Conclusory Allegations**

1. Plaintiff received three automatically dialed calls from the Defendant at caller ID (815) 634-1071. *Complaint at ¶ 16 (Doc 1)*.

2. The first call was received at 10:14 am. Plaintiff rejected the call. *Id. at ¶ 17*.

3. The second call was received at 10:15 am. Plaintiff answered the call and told Defendant not to call her again. *Id. at ¶ 18*.

4. The third call was received just eight minutes later at 10:23 am. Plaintiff answered the call and spoke to an individual who offered to help reduce and consolidate her debt. *Id. at ¶ 19*.

5. Shortly, thereafter, that same day, Plaintiff received two text messages from the Defendant from caller ID (858) 365-3349. *Id. at ¶ 20*.

6. Plaintiff provided a screenshot of two (2) text messages that she received from 858-365-3349. The first message stated that Plaintiff had opted in to receiving sms messages from DAA and the second message was contact information from a representative of DAA. In the third text message, Plaintiff thanked the representative for the information. *Id. at ¶ 22*.

7. Defendant called Plaintiff three times on May 1, 2025, thirty one or more days after the phone number was registered telephone number with the DNC Registry. *Id. at ¶ 23*.

8. The purpose of the calls was to advertise and market Defendant's business. *Id. at ¶ 24*.

9. Plaintiff did not give Defendant prior express consent or permission to call Plaintiff as (815) XXX-XXXX. *Id. at ¶ 25*.

10. Plaintiff did not request information or promotional materials from Defendant. *Id. at ¶ 26*.

### III. STANDARD OF REVIEW

> A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 does not require detailed factual allegations, but requires more than legal conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570, 127 S.Ct. 1955. In ruling on a motion to dismiss, a court must accept the well-pleaded allegations in the complaint as true, construe the allegations of the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir.1999).

*D.G. v. William W. Siegel & Associates*, 791 F.Supp.2d 622, 624 (N.D. Ill. 2011).

### IV. ARGUMENT

#### A. Allegations Fail to State a Claim For Violation of TCPA

##### 1. There is No Factual Link Between Defendant DAA and the Telephone Calls Alleged.

Plaintiff has plead one count for Violation of the TCPA, 47 U.S.C. § 227(c)(5). *Complaint at ¶¶ 57-65 (Doc 1)*. The statutory provision cited provides a private cause of action for persons who have received more than one telephone call within any 12-month period by or on behalf to the same entity in violation of the regulations prescribed under this subsection. 47 U.S.C. § 227(c)(5) .

Plaintiff alleges that she received three (3) automatically dialed calls from the Defendant at caller ID (815) 634-1071. *Complaint at ¶ 16*. (Doc 1). Plaintiff offers no connection between Defendant DAA and the Illinois area code caller ID number other than her conclusory allegation. Plaintiff offers no facts to support her conclusory allegation that the calls were "automatically

dialed."[1] *Id.* In fact, Plaintiff notes that she answered two (2) of the calls and spoke with individuals, which does not lead to an inference that the calls were automatically dialed. *Id. at ¶¶ 18,19.*

Plaintiff alleges that when she answered the second call, she told Defendant not to call her again. *Complaint at ¶ 18.* Plaintiff does not offer any facts to suggest that she was actually speaking with any representative of the Defendant DAA during this telephone call. *Id.* Plaintiff states that during the third call, she spoke to an individual who offered to help reduce and consolidate her debt, but, again, she does not identify that individual as being from DAA. *Id. at ¶ 19*. No inference can be drawn from these facts that Plaintiff was speaking with someone from DAA. These vague, conclusory allegations do not state a claim for relief against DAA.

To survive dismissal, a complaint must contain "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]heer speculation, bald assertions, and unsupported conclusory statements" will not suffice. *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020).

Plaintiff wants the Court to infer that three telephone calls from one telephone number, with no facts alleged to connect the number to Defendant DAA, must have been made by Defendant DAA, because they were received prior to text messages from Defendant DAA. However, that is not a reasonable inference; instead, it is pure speculation. The three telephone calls were from a number with an Illinois area code, while the text messages from DAA were from a California area code, consistent with its location, and wherein DAA identified itself. DAA was not attempting to conceal its identity from Plaintiff.

[1] Notably, Plaintiff is not alleging a violation of 47 U.S.C. § 227(b) wherein it is unlawful to make an automatically dialed call to a telephone number listed on the national Do Not Call Registry.

The Courts have required plaintiffs to provide some circumstances surrounding the calls to demonstrate that the calls were made or initiated by the defendant, otherwise the plaintiff is simply repeating the language of the statute. For example, in *Woodard v. Health Insurance Alliance*, 2024 WL 942629, (N.D. Ill. March 5, 2024), the Court found that it would have to speculate rather than to reasonably infer that the defendant had made the telephone calls at issue. In *Woodard,* the plaintiff alleged that the defendant called her and she also made an, apparently contradictory, allegation that a third party called her at the same time. The Court distinguished the plaintiff's bare allegations from those in other cases, where a plaintiff alleged that she spoke to a person who identified themselves as employee of the defendant or where the plaintiff made a return call to the number and confirmed the number was the defendant's number. *Woodard v. Health Insurance Alliance*, 2024 WL 942629 at *3 (N.D. Ill March 5, 2024)(citing *Abramson v. AP Gas & Electric (PA), LLC*, 2023 WL 1782728, at *3 (W.D. Penn, Feb. 6, 2023) and *In Stemke v. Marc Jones Construction, LLC*, 2021 WL 4340424, at *1, *3 (M.D. Fla. 2021).

The *Woodard* Court cited as persuasive authority the case of *Johansen v. Vivant, Inc.,* 2012 WL 6590551, at *2 (N.D. Ill., Dec. 18, 2012), a case about whether the plaintiff had sufficiently pleaded that calls were automatically dialed.

> Here, …[plaintiff] **provides no additional, independent facts** to raise a reasonable expectation that discovery will reveal evidence of [defendant]'s liability. *Id.,* at * 3 (citing *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 556 (2007)). As the *Vivant* court instructs, "it is not unreasonable to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief" that the defendant used an automatic dialer in violation of the TCPA. *Id.*, at *3 (cleaned up) (emphasis added). **Under the same rationale, it is not unreasonable to require** [plaintiff] to provide *the circumstances surrounding her belief* that [defendant] is responsible for the calls that she received. Otherwise, [plaintiff]'s Complaint would survive dismissal despite being nothing more than a formulaic recitation of the elements of a TCPA cause of action.

*Woodard v. Health Ins. All.,* 2024 WL 942629 at *2 (N.D. Ill. Mar 05, 2024)(italic emphasis in original)(bold emphasis added). The Court in *Woodard* concludes: "In sum, TCPA actions must

allege some facts which are distinguishable from the statutory language of the TCPA itself to state a claim and survive dismissal." *Id.* at *3.

Therefore, Defendant DAA respectfully requests that the Court dismiss Plaintiff's claim of a violation of the TCPA as it pertains to the three (3) May 1, 2025 telephone calls alleged in the Complaint for failing to state a claim against this Defendant.

**2. Violation of 47 U.S.C. § 227(c)(5) Does Not Apply to Text Messages**

There was a recent case in the U.S. District Court for the Central District of Illinois in which the District Court held that "under a plain reading, **Section 227(c)(5) of the TCPA does not regulate text messages**. *Jones v. Blackstone Medical Services, LLC*, 2025 WL 2042764 at *4 (July 21, 2025) (*citing West v. Hoy*, 126 F.4th 567, 575 (7th Cir. 2025) (stating a court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous.")) (emphasis added).

> (5)**Private right of action**
> A person who has received ***more than one telephone call*** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.

47 USC § 227(c)(5)(emphasis added).

Section 227(c)(5) of the TCPA provides a private right of action **only** for "telephone calls" not text messages. The Court in *Jones v. Blackstone* thoroughly analyzed the implementing regulations of § 227(c) propounded by the Federal Communication Commission ("FCC") at 47 C.F.R. § 64.1200(c) and (d) and noted that the regulations only refer to "telephone solicitations" and "telephone calls" and not to text messages. *Jones v. Blackstone Medical Services, LLC*, 2025

WL 2042764 at *2-3. By contrast, text messages are clearly "calls" covered by section 227(b) of the TCPA and its implementing regulations. *Campbell–Ewald Co. v. Gomez* , 577 U.S. 153, 136 S.Ct. 663, 667, 193 L.Ed.2d 571 (2016).

The District Court in *Jones* cited the U.S. Supreme Court for the proposition that:

> [A] district court must independently determine for itself whether the agency's interpretation of a statute is correct. District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation.

> *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,* 145 S. Ct. 2006, 2015 (2025) (citing *Loper Bright Enters. v. Raimondo,* 603 U.S. 369, 402 (2024)). Pursuant to *McLaughlin* and *Loper Bright,* the Court agrees with the Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages.

*Jones v. Blackstone Medical Services, LLC*, 2025 WL 2042764 at *3 (footnote omitted).

The FCC indicated its intent to regulate text messages as part of 47 C.F.R. § 64.1200(a) which was implemented under Section 227(b) only. *Jones v. Blackstone Medical Services, LLC*, 2025 WL 2042764 at *3. The absence of any reference to text messages in § 227(c)(5) and its implementing regulations can only mean that text messages are not regulated by § 227(c)(5) and therefore, Plaintiff has no cause of action for violation of the TCPA for the 2 text messages she alleged she received from Defendant DAA.

Plaintiff's cause of action is limited to a violation of 47 U.S.C. § 227(c)(5). *See Complaint at* ¶¶ *57-65 (Doc 1).* In fact, none of the regulations cited in Plaintiff's Count include a prohibition on "text messages." *See Id. at* ¶¶ *60-65.* Therefore, to the extent Plaintiff seeks to recover for text messages from Defendant DAA, her Complaint must be dismissed.

However, even if the Court finds that 47 U.S.C § 227(c)(5) regulates text messages, Plaintiff's Complaint still fails to state a claim for relief because she consented to the text messages or alternatively, because she did not receive 2 telephone solicitations during any 12 month period.

**3. Plaintiff Consented to the Text Messages**

Consent is an affirmative defense which can be the basis for dismissal if the allegations in the Complaint indicate that Plaintiff provided consent to telephone calls or messages. See 47 C.F.R. 64.1200(f)(9); *See also Hudson v. Ralph Lauren Corp*., 385 F.Supp.3d 639 (N.D. Ill. 2019)(*citing Toney v. Quality Res., Inc*., 75 F. Supp. 3d 727, 734 (N.D. Ill. 2014) and *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012)).

Plaintiff shows the text message in which she opted-in to receiving text messages from Defendant DAA. *Complaint at ¶ 22 (Doc. 1).* The text message states: "Debt Advisors of America: Thank you for opting in to receiving sms messages from us. Message and Data Rates may apply. Reply STOP to stop receiving messages from us. Reply HELP for more information." *Id.* Here, the allegation in the Complaint shows that Plaintiff opted-in to receiving text messages from Defendant DAA. The second message is simply contact information for the DAA advisor, Ruben Granillo. *Id.* The contact information is followed by a message from Plaintiff back to DAA saying: "Thanks Ruben I got it." *Id.* Any further comment made by Plaintiff is not provided. Plaintiff thanking the DAA representative, Ruben Granillo, for the information that he provided is consistent with giving permission for the text message and not consistent with the claim that it was an unwanted text message.

Therefore, Plaintiff's claims of a violation of the TCPA as they relate to the two (2) text should be dismissed.

**4. The Text Messages Were Not Telephone Solicitations**

Plaintiff claims in her one count that "Defendant violated 47 U.S.C. § 277(c)(5) because it delivered, or caused to be delivered to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200." *Complaint at ¶ 64 (Doc 1)*. Plaintiff provides screen shots of 2 text messages that she received from Defendant DAA at 858-365-3349. *Id. at ¶ 22.* The first message from DAA states in part: "Thank you for opting in to receive sms messages from us." *Id.* The second message is simply contact information for a representative of DAA. *Id.* Finally, rather than responding STOP, as is the option based on the initial message, or even not responding, Plaintiff responded and thanked the DAA representative for his contact information. *Id.*

> **(15)** The term ***telephone solicitation*** means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message:
> **(i)** To any person with that person's prior express invitation or permission;
> **(ii)** To any person with whom the caller has an established business relationship; or
> **(iii)** By or on behalf of a tax-exempt nonprofit organization.

47 C.F.R. § 64.1200(a)(15).

"The cardinal rule of statutory interpretation is that words in a statute take their 'ordinary, contemporary, common meaning,' allowing us to turn to dictionary definitions for guidance. *Smith v. First Hosp. Labs., Inc.,* 77 F.4th 603 (7th Cir. 2023) (*citing Delaware v. Pennsylvania*, 598 U.S. 115, 143 S. Ct. 696, 705, 215 L.Ed.2d 24 (2023) (*quoting Sandifer v. U.S. Steel Corp*., 571 U.S. 220, 227, 134 S.Ct. 870, 187 L.Ed.2d 729 (2014)). "The natural reading of "solicitation" is as a request for something. See Solicit, Merriam-Webster's Unabridged Dictionary, https://unabridged.merriam-webster.com /unabridged /solicit (last visited October 6, 2025)." *Evers v. CampaignSidekick, LLC*, 2025 WL 2896818 at *4 (N.D. Ill. Oct 10, 2025). Neither of the texts described in paragraph 22 of the Complaint could be considered a request for anything. The first

is an acknowledgement of Plaintiff's opting in to accept texts and the second is the name and contact information of the Defendant's representative.

Neither of these text messages are for the purpose of "encouraging the purchase or rental of, or investment in property, goods or services…" The first message simply indicates that the Plaintiff opted-in to receive text messages from Defendant DAA. The message does not mention any "goods or services" offered by Defendant DAA and does not encourage any action on the part of Plaintiff. The only action described is, in fact, how to STOP receiving any messages or to get HELP or more information. *Complaint at ¶ 22.*

Whether a call constitutes telemarketing depends on the call's "context or purpose." *Legg v. PTZ Ins. Agency, Ltd.,* 2018 WL 3869970, at *2 (N.D. Ill. Aug. 15, 2018) *(quoting Golan v. Veritas Ent., LLC,* 788 F.3d 814, 820 (8th Cir. 2015)). The first message simply an acknowledgment or confirmation that Plaintiff opted in to the messaging service and cannot be considered a "telephone solicitation."

The next message is simply contact information for a DAA representative. Again, there is nothing from the context here that suggests that it is encouraging the purchase of goods or services. If anything, it would appear to leave the onus on the Plaintiff to reach out to the Defendant going forward. Plaintiff thanks the sender for the information which is not consistent with a message that is sent without the person's prior express invitation or permission.

If the Court considers the second text with DAA's name and contact information to be a telephone solicitation, it is the only text message that could be considered a solicitation. One text message does not violate the statute, which requires "more than one telephone call" in a 12-month period. Thus, even if the Court finds that the statute applies to text messages and that Plaintiff did not consent to the messages, Plaintiff has still failed to state a claim for relief based on the text

messages from Defendant DAA because one text message in a 12-month period does not violate the TCPA. See 47 U.S.C. § 227(c)(5).

**B. Plaintiff Does Not Have Standing to Sue for Injunctive Relief**

Plaintiff has requested as part of her prayer for relief that Defendant be enjoined from "continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days." *Complaint, Prayer for Relief, p. 11. (Doc. 1).* Plaintiff lacks standing under Article III to seek injunctive relief and her claim for such relief should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(1) as the Court lacks jurisdiction over Plaintiff's claim. In finding that a plaintiff did not plead standing for injunctive relief, this Court recently stated:

> When seeking injunctive relief, to have standing plaintiffs "must show a significant likelihood and immediacy of sustaining some direct injury." *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000). Past exposure to the defendant's allegedly illegal conduct is insufficient. *Id.* at 443; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) ("[P]ast wrongs do not in themselves amount to that real and immediate threat of injury"). Courts applying this principle in the context of the TCPA have generally found that allegations of past TCPA violations do not establish standing to pursue injunctive relief. *See, e.g., Martin v. Bottom Line Concepts LLC*, 723 F.Supp.3d 270, 281-82 (S.D.N.Y. 2024) (no standing for injunctive relief where complaint only detailed one call received a month before suit was filed); *Schaevitz v. Braman Hyundai,* Inc., 437 F.Supp.3d 1237, 1251-52 (S.D. Fla. 2019) (no standing for injunctive relief where plaintiff had not pled a risk of receiving future voicemails). Instead, a plaintiff must demonstrate "a real and immediate threat of repeated injury." *Palmer v. City of Chicago*, 755 F.2d 560, 571 (7th Cir. 1985).

*Taylor v. Kin Ins*., 2025 WL 1651524 at *2 (N.D. Ill. June 10, 2025).

Plaintiff alleged that she received three (3) telephone calls and two (2) text messages on one day, May 1, 2025. *Complaint at ¶¶ 16-23 (Doc 1)*. Plaintiff has not alleged any additional contact from Defendant DAA in the intervening five (5) months and no contact from Defendant DAA since it provided Plaintiff with its contact information. There is no allegation that Plaintiff requested that Defendant DAA STOP messaging her per the text message that she received on May

1, 2025. There is no allegation from which the Court could infer that Plaintiff is at risk of "a real and immediate threat of repeated injury." See *Palmer v. City of Chicago*, 755 F.2d 560, 571 (7th Cir. 1985). Therefore, to the extent that Plaintiff seeks injunctive relief, her claim should be dismissed with prejudice as she lacks Article III standing to bring the claim.

## V. CONCLUSION

Plaintiff has failed to state a cause of action against Defendant Debt Resolution Direct, LLC d/b/a Debt Advisors of America for a violation of the TCPA. Plaintiff has failed to plead any facts or circumstances connecting Defendant to the three telephone calls she received on May 1, 2025. Plaintiff's claims of a violation related to the text messages are deficient because the TCPA § 227(c)(5) does not apply to text messages or, alternatively, because Plaintiff consented to the messages and because the messages were not telephone solicitations. Plaintiff also does not have standing to bring an action for injunctive relief.

WHEREFORE, for the reasons set forth above, Defendant Debt Resolution Direct, LLC d/b/a Debt Advisors of America respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and order such other relief as is just and reasonable.

Respectfully submitted,

October 27, 2025

/s/ Ellen Fox Davis
Ellen Fox Davis*
Shipkevich PLLC
521 Fifth Avenue, Ste 1700
New York, NY 10175
Tel: 301-467-4299
Fax: +1 888-568-5815
edavis@shipkevich.com
*Counsel for Defendant*
**Pro Hac Vice Appearance*

**CERTIFICATE OF SERVICE**

l HEREBY CERTIFY that on this 27th day of October, 2025, the foregoing Memorandum in Support of the Motion Dismiss the Class Action Complaint was served on the Clerk of the Court and on all counsel via Pacer's ECF filing system.

/s/ Ellen Fox Davis
Ellen Fox Davis