**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRISTIN KATHERINE BAISCH RICKER, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEBT RESOLUTION DIRECT LLC d/b/a DEBT ADVISORS OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 25-cv-06972<br><br>Judge April M. Perry |

**OPINION AND ORDER**

Kristin Katherine Baisch Ricker ("Plaintiff") alleges that Debt Resolution Direct LLC d/b/a Debt Advisors of America ("Defendant") violated the Telephone Consumer Protection Act ("TCPA") by making phone calls and sending text messages to Plaintiff even though her phone number was listed on the national do-not-call registry. Defendant has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). Doc. 13. For the following reasons, Defendant's motion to dismiss is granted.

**BACKGROUND**[1]

Plaintiff's telephone number has been registered on the national do-not-call registry since 2005. Doc. 1 ¶ 11. On May 1, 2025, Plaintiff received three phone calls from the same phone number. *Id*. ¶ 16. Plaintiff did not answer the first call. *Id.* ¶ 17. Plaintiff did answer the second call and instructed whoever was on the other side not to call her again. *Id.* ¶ 18. Upon receiving the third call, Plaintiff again answered and spoke to an individual who offered debt relief

---

[1] The facts are drawn from allegations in Plaintiff's complaint, which the Court accepts as true drawing all reasonable inferences in Plaintiff's favor. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

services. *Id.* ¶ 19.  Later that day, Plaintiff received two text messages from a different number. *Id.* ¶ 20. The first message stated "Debt Advisors of America: Thank you for opting in to receiving sms messages from us. Message frequency may vary. Message and Data Rates may apply. Reply STOP to stop receiving messages from us. Reply HELP for more information." *Id.* ¶ 22. This was followed by another text message that listed Ruben Granillo as a certified debt specialist followed by his contact information. Plaintiff responded to this message with "Thanks Ruben I got it." *Id.*

Based on these events, Plaintiff filed a complaint against Defendant asserting one violation of the TCPA under 47 U.S.C. § 227(c)(5) individually and on behalf of a putative class. *Id.* ¶ 65.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant fair notice of what the... claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotation omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. The court considering a motion to dismiss should begin by identifying and disregarding those allegations that are no more than legal conclusions. *Id.* at 679. The court should then accept the veracity of all well-pleaded factual allegations and determine whether they plausibly give rise to a claim. *Id.* All reasonable inferences are drawn in Plaintiff's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

## ANALYSIS

The TCPA provides a private right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5) . In this case, Plaintiff alleges that Defendant's conduct violated the regulation set forth in 47 C.F.R. § 64.1200(c). Doc. 1 ¶ 2. This regulation provides that "no person or entity shall initiate any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]" 47 C.F.R. § 64.1200(c)(2). However, the Court concludes that Plaintiff has not properly alleged a claim related to either the phone calls or text messages she received.[2]

The Court begins by considering the three telephone calls from the same phone number on May 1, 2025. As Defendant correctly points out, nowhere does the complaint state that the May 1 caller identified him- or herself as being affiliated with Defendant. Despite Plaintiff's

---

[2] Whether a text message is considered a "telephone call" for purposes of § 227(c)(5) is debated by not only these parties, but many others since *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) eliminated the requirement that a court defer to agency interpretations of the law. *See, e.g.*, *Mujahid v. Newity, LLC*, No. 25-C-8012, 2025 WL 3140725, at *2 (N.D. Ill. Nov. 10, 2025); *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899 (C.D. Ill. 2025). Because the Court finds that Plaintiff's complaint fails even assuming that text messages are "telephone calls," the Court need not address that question today.

repeated assurances to the contrary in its responsive brief, the complaint says only that the May 1 caller "offered to help reduce and consolidate her debt." Doc. 1 ¶ 19.[3] It is axiomatic that a plaintiff cannot amend a complaint through briefing. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Therefore, the Court must conclude for the purposes of this motion that the May 1 caller was unidentified.

Moreover, apart from conclusory statements attributing the May 1 calls to Defendant, which the Court disregards, there are no facts pled from which one could reasonably infer Defendant is responsible for the May 1 calls. As Defendant notes, the 815-area code for the May 1 caller is associated with northern Illinois where Plaintiff lives and not San Diego where Defendant is based. *See* Doc. 1 ¶¶ 16, 6, 7.[4] Plaintiff urges the Court to infer that because the texts from Defendant were on the same day as the calls, they must have been from the same entity. But the Court does not consider this to be a reasonable inference. It appears that Plaintiff was shopping for debt relief services and therefore easily could have been contacted by multiple debt relief service companies in one day. *See Brownlee v. Allstate Ins. Co.*, No. 21-CV-1428, 2021 WL 4306160, at *1 (N.D. Ill. Sept. 22, 2021) (refusing to find that calls from similar numbers offering to sell car insurance led to reasonable inference that defendant was responsible for each call). While the required level of factual specificity in a complaint "is not easily quantified," a plaintiff must allege "enough details about the subject-matter of the case to present a story that holds together." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

---

[3] The Court is extremely troubled by Plaintiff's repeated citations to paragraph nineteen of the complaint for the proposition that the caller "identified himself as calling from 'Debt Advisors of America.'" *See* Doc. 19 at 4, 21, 22. The complaint says no such thing – in paragraph nineteen or anywhere else.

[4] The Court takes judicial notice of the geographic regions associated with the area codes of the numbers alleged. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (holding courts may take judicial notice of an "undisputed fact in the public record").

4

Here, the complaint does not tell a coherent story that allows the reasonable inference that the caller and texter were the same. *See Lightfoot v. SelectQuote, Inc.*, No. 1:24-CV-04673, 2025 WL 1547495, at *3 (N.D. Ill. May 30, 2025) (dismissing TCPA claim because plaintiff did not allege facts to link Defendant to phone call where Defendant was not identified during call). The Court therefore finds Plaintiff has not plausibly alleged against Defendant a TCPA claim involving the May 1 phone calls.

Moving on to the May 1 text messages, Defendant has acknowledged that Defendant is indeed responsible for these communications. Doc. 21 at 5. However, Defendant argues that the text messages do not violate the TCPA because they are not "solicitations."[5] The TCPA defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4). The Seventh Circuit has further interpreted this to mean "the initiation of a call or message for the purpose of persuading or urging someone to pay for a service." *Hulce v. Zipongo Inc.*, 132 F.4th 493, 499 (7th Cir. 2025). Given that § 227(c)(5) requires more than one message that violates 47 C.F.R. § 64.1200(c), the Court would need to find that Plaintiff has properly alleged both text messages constituted a telephone solicitation to plausibly state a claim for relief.

Ultimately, the Court does not find that either, let alone both, text messages are telephone solicitations. The first text message simply noted that Plaintiff had opted-in to a certain means of communication with Defendant and informed Plaintiff how she could opt-out. This

---

[5] Defendant also alleges that the complaint indicates that Plaintiff consented to the text messages. However, Plaintiff has alleged in the complaint that she did not give prior express consent and thanking someone for a text does not necessarily indicate prior consent.

communication clearly was not intended to persuade or urge Plaintiff to purchase, invest, or pay for a service. *See id.* at 499 (noting that the FCC's implementing regulations reflect there is a "distinction between general commercial activity and 'encouraging the purchase.'"). For example, the opt-in notification was not accompanied by a link to a website or advertise discounts, nor did it encourage the receiver to do anything. *See e.g.*, *Abboud v. Circle K Stores Inc.,* No. CV-23-01683, 2025 WL 307039, at *5-6 (D. Ariz. Jan. 27, 2025) (finding opt-in messages to be potential telephone solicitations where it also offered "special offers via txt message"); *Newell v. Children's Dental Health Assoc.*, No. CV 25-5238, 2026 WL 927378, at *8 (E.D. Pa. Apr. 6, 2026) (finding text message that asked recipient to book appointment on defendant's website to be telephone solicitation). The Court therefore concludes that the first message is not a "telephone solicitation" within the meaning of the TCPA.

Nor does the second text message constitute a telephone solicitation. The Seventh Circuit has held that not all "commercial calls" are "telephone solicitations." *Hulce*, 132 F.4th at 499. A commercial call may be "profit-seeking," and intended to cause or result in a purchase, but there must be a "targeted persuading or urging" of the consumer for the communication to be considered a solicitation. *Id.* The second text message contains only a name, job title, phone number, email, and the name of a company. It contains no encouragement, persuasion, or urging at all. Although Plaintiff alleges that the solicitation should be implied because the May 1 caller offered debt services, as already discussed Plaintiff has failed to properly tie the text messages to the phone calls. Plaintiff makes no additional argument as to why the text messages standing alone should be considered telephone solicitations and therefore has failed to state a claim related to the text messages as well.[6]

---

[6] Plaintiff's allegation that the communications were "made for the purpose of advertising and marketing Defendant's business or services" Doc. 1 ¶ 24 is conclusory and therefore disregarded.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. To the extent Plaintiff believes she can amend the complaint in a manner consistent with this opinion, she is granted leave to do so by May 13, 2026.

Dated: April 21, 2026

_____
APRIL M. PERRY
United States District Judge