## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

KRISTIN KATHERINE BAISCH RICKER, on behalf of herself and others similarly situated

Plaintiff,

vs.

DEBT RESOLUTION DIRECT LLC d/b/a DEBT ADVISORS OF AMERICA

Defendant.

Case No. 25-cv-06972

**FIRST AMENDED CLASS ACTION COMPLAINT**

**Nature of this Action**

1.      Kristin Katherine Baisch Ricker ("Plaintiff") brings this class action against Debt Resolution Direct LLC d/b/a Debt Advisors of America ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.      Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

1

5. In particular, Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district.

**Parties**

6. Plaintiff is a natural person who at all relevant times resided Ogle County, Illinois, located in this District.

7. Defendant is a limited liability company located in San Diego, San Diego County, California.

**Factual Allegations**

8. Plaintiff is the regular and sole user of her cellular telephone number—(815) XXX-XXXX.

9. Plaintiff uses, and at all times since 1996 used, telephone number (815) XXX-XXXX as her personal residential telephone number.

10. Plaintiff does not use, and at no time since 1996 used, telephone number (815) XXX-XXXX for business or commercial purposes.

11. Plaintiff registered telephone number (815) XXX-XXXX with the DNC Registry on August 15, 2005, and it has been on the Do Not Call Registry ever since.

12. Plaintiff does not have a landline telephone number in her home.

13. Plaintiff uses her cellular phone number for personal use only as one would use a landline telephone number in a home.

14. Plaintiff uses her cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

15. Plaintiff personally pays for her cell phone plan; it is not reimbursed by a business.

16.     On May 1, 2025 Plaintiff received three telemarketing calls from the Defendant at caller ID (815) 634-1071.

17.     The first call was received at 10:14 a.m.. Plaintiff rejected the call.

18.     The second call was received at 10:15 a.m.. Plaintiff answered the call and told Defendant not to call her again.

19.     The third call was received just eight minutes later at 10:23 a.m.. Plaintiff answered the call and spoke to an individual who offered to help reduce and consolidate her debt.

20.     During the May 1, 2025 telephone calls, the caller identified the company as "Debt Advisors of America."

21.     The caller further identified himself as "Ruben," which matched the name provided in the subsequent text message sent by Defendant.

22.     During this call, Defendant attempted to persuade Plaintiff to enroll in its debt relief and debt consolidation services.

23.     Defendant sought to obtain Plaintiff's private financial information in order to market, sell, and enroll Plaintiff in its debt relief services.

24.     These questions were asked for the purpose of evaluating Plaintiff's eligibility for Defendant's debt relief and debt consolidation services.

25.     During the May 1, 2025 telephone call, Defendant, through its agent, asked Plaintiff a series of questions regarding her personal financial situation, including:

a. the total amount of debt she owed;

b. the nature and types of her outstanding bills;

c. the amount of her monthly payments; and

d. whether she was behind on any of her financial obligations.

3

26.     During the call, the caller informed Plaintiff that additional information would be sent via text message.

27.     Shortly thereafter, that same day, Plaintiff received two text messages from the Defendant from caller ID (858) 365-3349.

28.     Screenshots of the text messages are below:







29.     The Plaintiff is not pursuing the text messages as independent violations at this time.

30.     Instead, the temporal proximity and shared identifying information confirm that the calls were part of a single coordinated telemarketing campaign by Defendant.

31. Defendant called Plaintiff three times on May 1, 2025, thirty-one or more days after the phone number was registered telephone number with the DNC Registry.

32. Plaintiff did not give Defendant prior express consent or permission to call Plaintiff at (815) XXX- XXXX.

33. Plaintiff suffered actual harm as a result of the calls in that she suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

34. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (815) XXX-XXXX was registered with the DNC Registry.

**Class Action Allegations**

35. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

36. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

38. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

39. The class is ascertainable because it is defined by reference to objective criteria.

40. In addition, the members of the class are identifiable in that, upon information and

good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

41.     Plaintiff's claims are typical of the claims of the members of the class.

42.     As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation calls to Plaintiff's telephone number more than thirty-one days after Plaintiff's telephone number was registered with the DNC Registry.

43.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

44.     Plaintiff's claims are based on the same theories as are the claims of the members of the class.

45.     Plaintiff suffered the same injuries as the members of the class.

46.     Plaintiff will fairly and adequately protect the interests of the members of the class.

47.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

48.     Plaintiff will vigorously pursue the claims of the members of the class.

49.     Plaintiff has retained counsel experienced and competent in class action litigation.

50.     Plaintiff's counsel will vigorously pursue this matter.

51.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

52.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

53.     Issues of law and fact common to all members of the class are:

7

    a.   Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

    b.   Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

    c.   Defendant's violations of the TCPA; and

    d.   The availability of statutory penalties.

54.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

55.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

56.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

57.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

58.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

59.    The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

60. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

61. There will be no extraordinary difficulty in the management of this action as a class action.

62. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(c)(5)

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-62.

64. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

65. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "no person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

66. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

67. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were

9

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

68.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

69.     Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation contact in a 12-month period in violation of 47 C.F.R. § 64.1200.

70.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: April 29, 2026

PLAINTIFF, on behalf of herself and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the putative class*

11